```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                   :
DERRICK VINCENT REDD,              :
                                   :
           Petitioner,             :    Civ. No. 16-4985 (NLH)
                                   :
     v.                            :    OPINION
                                   :
WARDEN MARK KIRBY,                 :
                                   :
           Respondent.             :
_____:
```

APPEARANCES:
Derrick Vincent Redd
49502-083
Fairton
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320
    Petitioner Pro se

HILLMAN, District Judge

Petitioner Derrick Vincent Redd, a prisoner confined at the Federal Correctional Institution ("FCI") in Fairton, New Jersey, filed a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.) At this time, the Court will review the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules. See also 28 U.S.C. § 2243. For the reasons set forth below, the Petition will be dismissed.

## I. BACKGROUND

Petitioner provides the following procedural history in his Petition:

> In 1997, the petitioner was charged in a seven-count indictment with offenses related to the armed robberies of three banks and the attempted robbery of a fourth. He pleaded guilty to two counts of the indictment (counts 3 and 4) and was convicted of the remaining counts following a jury trial (Counts 1, 2, 5, 6, and 7). The Petitioner was sentenced on August 22, 1997 for Counts 3 and 4, and on December 12, 1997 for Counts 1, 2, 5, 6, and 7. The convictions were affirmed on direct appeal. United States v. Redd, 161 F.3d 793 (4th Cir 1998).
>
> The Petitioner has repeatedly sought to collaterally attack his convictions and sentence. In 2001, he filed a motion to vacate pursuant to 28 U.S.C. § 2255. The Court denied the petition. The Petitioner then appealed to the Fourth Circuit, which found no reversible error and denied a certificate of appealability and dismissed the appeal. United States v. Redd, No. 01-6152 (April 18, 2001).
>
> In 2003, the Petitioner filed a motion in the Fourth Circuit seeking permission to file a successive application for collateral relief, this time under 28 U.S.C. § 2244. In re: Redd, No. 03-264. The Fourth Circuit denied the Petitioner's motion. Id. (October 14, 2003).
>
> In 2006, the Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Northern District of West Virginia. Redd v. Haynes, Case No. 5:06cv113. The Petitioner subsequently moved to withdraw his petition, which the District Court granted. Id.

> In 2007, the Petitioner again filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Northern District of West Virginia, which the District Court dismissed. Redd v. Driver, Case No. 5:07cv168 (November 5, 2008). The Fourth Circuit dismissed the Petitioner's appeal of this matter for his failure to prosecute. Redd v. Driver, No. 08-8472 (February 5, 2009).
>
> In 2007, the Petitioner filed two motions in the Fourth Circuit seeking permission to file successive applications for relief under 28 U.S.C. §2244. The Fourth Circuit dismissed the Petitioner's first motion and denied the second. In re: Redd, No. 07-100 (January 16, 2007); In re: Redd, No. 07-212(July 19, 2007).
>
> The petitioner subsequently filed a writ of mandamus, which the Honorable Leonie M. Brinkema dismissed as a successive § 2255 petition. Redd v. United States, Case No. 1:09cv1301 (February 16, 2010). The Fourth Circuit denied authorization for Redd to file a successive §2255 petition and dismissed his appeal. United States v. Redd, No 10-6586 (August 3, 2010).
>
> The Petitioner then filed a common law writ of habeas corpus. The Court dismissed the writ as a successive § 2255 petition. The Fourth Circuit denied a certificate of appealability and dismissed the appeal. United States v. Redd, No. 12-7216 (September 14, 2012).
>
> The Petitioner also filed two timely second and successive § 2255 petition[s] relating to United States v. Johnson, and [were] denied June 2016 and July 2016.

(Pet. 1-4.)

In his Petition, Petitioner argues that he is "innocent of statute 18 U.S.C. §924(c)'s residual clause §924(c)(3)(B), in light of [Johnson v. United States, 135 S. Ct. 2551, 192 L. Ed.

3

2d 569 (2015)]." (Pet. 5.) More specifically, he states that "[s]ince a bank robbery under § 2113(a)(d) categorically fails to qualify as a 'crime of violence' under 924(c)'s force clause, then leaving only the residual clause[,] this Court [should] apply Johnson and a rule that §924(c) residual clause is unconstitutionally vague, which would leave no legal basis for Petitioner's §924(c) conviction to stand, and that he is actually innocent of the statute." (Pet. 25.) Petitioner argues that § 2255 is inadequate or ineffective to challenge his conviction because the Fourth Circuit erroneously denied him permission to file a second or successive § 2255 petition on these grounds. (Id.)

## II. DISCUSSION

### A. Legal Standard

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See

4

Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schultz, 708 F.3d 140, 148 n. 3 (3d Cir. 2013); see also 28 U.S.C. §§ 2243, 2255.

**B. Analysis**

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F. Supp. 144, 145–46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." See 28 U.S.C. § 2255(e). In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or

successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

The Court of Appeals for the Third Circuit subsequently emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and

6

proved beyond a reasonable doubt." See Okereke, 307 F.3d at 120-21 (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard). The mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy. See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

Here, Petitioner's claims do not fall into the Dorsainvil exception. He does not allege that he is "being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision…[and] he is otherwise barred from challenging the legality of the conviction under § 2255." See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017). Petitioner relies on Johnson as the basis for his § 2241 Petition, but Johnson invalidated the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B). Johnson, 135 S. Ct. at 2563. In contrast, the conduct for which Petitioner was detained, i.e. bank robbery [18 U.S.C. § 2113] and use of a firearm during the bank robbery [18 U.S.C. § 924(c)], remains criminal post-Johnson and he therefore cannot meet the Dorsainvil exception. Id.

Moreover, the fact that the Fourth Circuit denied Petitioner permission to file a second or successive petition pursuant to Johnson because "Petitioner's bank robbery offenses

are crimes of violence under 18 U.S.C. § 924(c)(3)(A)," does not render § 2255 inadequate or ineffective.  See Cradle, 290 F.3d at 539; Sukhu v. United States, No. 15-2386, 2017 WL 4151232, at *3 (M.D. Pa. Sept. 19, 2017).

Based on the foregoing, the Court finds that it lacks jurisdiction under § 2241 over the instant habeas petition. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.  In this case, the Court will not transfer the Petition to the Fourth Circuit for its consideration as a request to file a second or successive § 2255 motion because the court has already previously denied that request by Petitioner.[1]

## III. CONCLUSION

For the foregoing reasons, the Petition will be summarily dismissed due to a lack of jurisdiction.  An appropriate order follows.


Dated: October 26, 2017          s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

[1] The Court's decision not to transfer the instant Petition does not preclude Petitioner from filing a request with the Fourth Circuit on his own.

8